## UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

2010 SEP 21  P 1: 2

S.D. OF N.Y. W.P.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CHRISTOPHER BLUE AND       \*       CIVIL ACTION NO.
ELIESTHEL COLON,       \*

           Plaintiffs,       \*

      \*

vs.       \*

      \*

MARK SCHRODER  AND       \*       **'10 CIV 07253**
BRUCE BERTRAND,       \*

      \*

           Defendants.       \*       SEPTEMBER 17, 2010       *JUDGE SEIBEL*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I.    JURISDICTION AND VENUE:

1.    At all times hereinafter mentioned, the plaintiff, Christopher Blue, was a resident of the State of Connecticut and is presently a resident of the state of North Carolina.

2.    At all times hereinafter mentioned, the plaintiff, Eliesthel Colon, was and is a resident of the State of Connecticut.

3.    At all times hereinafter mentioned, the defendant, Mark Schroder, was and is a resident of the State of New York.

4.    At all times hereinafter mentioned, the defendant, Bruce Bertrand, was and is a resident of the State of Connecticut.

5.    The amount in controversy, exclusive and costs, exceeds the sum of $75,000 as to the plaintiff, Christopher Blue.

6.      The amount in controversy, exclusive and costs, exceeds the sum of $75,000 as to the plaintiff, Eliesthel Colon.

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, based on Diversity of Citizenship.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the claim arose within this District, in the Town of Southeast, New York, in Putnam County.

## II.   **COMMON FACTS:**

8.      On October 7, 2009 at or about 11:28 a.m., the plaintiffs, Christopher Blue and Eliesthel Colon, were each passengers in a 1998 Jeep Suburban driven by the defendant, Bruce Bertrand, which was proceeding in a westerly direction on Interstate Route 84 in the Town of Southeast, County of Putnam and State of New York.

9.      At or about the aforesaid date, time and place, the defendant, Mark Schroder was operating a 1998 International dump truck which he had pulled over toward the far left shoulder of the westbound lane and was in the process of re-entering the highway.

10.      At or about the aforesaid date, time and place, the defendant, Mark Schroder proceeded to and did re-enter the highway from the left shoulder and cut in front of a no-contact vehicle, whose driver was able to avoid a collision with the Schroder vehicle.  As Mark Schroder continued to move to his right on the highway, a collision occurred between his vehicle and the vehicle driven the defendant Bruce Bertrand, which collision was caused by the negligence of

2

either or both of the defendants, Mark Schroder and Bruce Bertrand, as set forth below, and

resulted in the injuries and damages to the plaintiffs, as also set forth below.

### FIRST COUNT (Christopher Blue v. Mark Schroder):

1-10.   Paragraphs 1 – 10, above are repeated and re-alleged as if fully set forth herein in

this the First Count.

11.   As the defendant Mark Schroder continued to move his vehicle to the right,

he suddenly and without warning, cut in front of vehicle driven by the defendant, Bruce Bertrand,

thereby causing the vehicle driven by the defendant, Bruce Bertrand, to slam into the rear of the

defendant Mark Schroder's vehicle and causing as well the plaintiff's injuries and damages as set

forth below.

12.   The aforementioned motor vehicle collision was caused by the negligence and

carelessness of the defendant, Mark Schroder, in one or more the following ways in that he:

(a)   drove his vehicle into the path of oncoming traffic;

(b)   drove his vehicle into the path of oncoming traffic when it was unsafe to do so;

©   drove his vehicle into the path of oncoming traffic without ascertaining whether it

was safe to do so;

(d)   drove his vehicle from the left shoulder onto an interstate expressway:

(e)   drove his vehicle from the left shoulder onto an interstate expressway when it was

unsafe to do so;

3

(f)    drove his vehicle from the left shoulder onto an interstate expressway without ascertaining whether it was safe to do so;

(g)    failed to observe the traffic conditions and oncoming traffic when he entered the highway from the left shoulder;

(h)    failed conduct an adequate look out when he entered the highway from the left shoulder;

(I)    failed to observe the traffic conditions and oncoming traffic when he entered the highway from the left shoulder;

(j)    drove his vehicle at a speed that was unreasonably slow under the circumstances then and there existing;

(k)    drove his vehicle at a speed that was unreasonably slow, given that he drove his vehicle into the path of oncoming traffic when he entered the interstate highway from the left shoulder;

(l)    failed to maintain adequate and proper control of his vehicle;

(m)    failed to yield the right of way to oncoming traffic when he entered the interstate highway from the left shoulder;

(n)    crossed over one or more lanes of travel when he entered the interstate highway from the left shoulder;

4

(o)     failed to notice the vehicle driven by the defendant, Bruce Bertrand, as he entered the interstate highway from the left shoulder and/or crossed over one or more lanes of travel;

(p)     failed to apply his brakes, turn his vehicle or otherwise take adequate and prudent measures to avoid the collision with the vehicle driven by the defendant, Bruce Bertrand;

(q)     operated his vehicle with ineffectual brakes;

®      failed to drive his vehicle on the right side of the roadway when it was unsafe to drive his vehicle in a part of the roadway other than the right side of the roadway;

(s)     changed or crossed lanes on the highway when it was unsafe to do so;

(t)     changed or crossed lane on the highway without ascertaining whether it was safe to do so; and

(u)     failed under all of the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the plaintiffs.

13.     The aforementioned motor vehicle collision was caused by the negligence and carelessness of the defendant, Mark Schroder, in that he violated one or more of the New York State Vehicle and Traffic Laws, including, without limitation, one or more of the following: §§ 1120 (failure to drive on the right side of the roadway); 1122 (failure overtake on the left and not proceed to the right until safely clear of the overtaken vehicle); 1128 (failure to keep a vehicle

in a single unless and until it is safe to move to another lane); **1130** (failure to keep vehicle on

established roadway; requires drivers to enter roadway only from established points of entry);

**1131** (failure to keep vehicle from crossing or traveling along the shoulder of the roadway); **1143**

(failure to yield the right of way to all approaching vehicles when entering a roadway from a

point other than another roadway); **1162** (no person shall move a vehicle which is stopped or

standing or parked until such movement can be made with reasonable safety); **1181** (no person

shall drive at such slow as to impede the normal and reasonable movement of traffic); **1201** (no

person shall stop, park or leave standing a vehicle on the main traveled portion of a roadway); and

**1202** (no person shall stop, stand or park a vehicle on an interstate route highway except in an

emergency).

      14.    As a result of the negligence and carelessness of the defendant, the plaintiff,

Christopher Blue, sustained serious, permanent and painful injuries, including, without limitation,

the following: (1) facial and head injury and trauma; (2) horseshoe shaped laceration and avulsion

of the left forehead necessitating forty-three sutures and staples: (3) large "V" shaped flap

through to the skull; (4) profuse arterial and venous bleeding from the head; (4) left shoulder

sprain/strain; (5) left forearm tingling numbness and weakness; (6) 8 mm widening of AC joint;

(7) cervical strain/sprain; (8) lumbar strain/sprain; (9) paresthesia in fingertips of the left hand;

(10) chest contusion; (11) pelvic joint dysfunction; (12) myositis - thoracic para-spinal

musculature; (13) permanent and grotesque facial and head scarring; and (14) permanent forehead

numbness.  The injuries and damages to the plaintiff, Christopher Blue, have resulted in significant

disfigurement, permanent consequential loss of use and/or limitation of use of a member so as to

constitute a "serious injury" as defined in § 5102(d) of the New York State Insurance Law.

15.    As a further result of the negligence and carelessness of the defendant, the

plaintiff, Christopher Blue, has suffered and will in the future continue to suffer, great physical

and mental pain and anxiety.

16.    As a further result of the negligence and carelessness of the defendant, the

plaintiff, Christopher Blue, was forced to expend substantial sums of money for the medical,

rehabilitative and chiropractic care, services and treatment, drugs, medications and devices

necessitated by his injuries.  In addition, as a result of the negligence and carelessness of the

defendant, the plaintiff, Christopher Blue, will require further additional medical treatment and

will incur further additional medical costs for his care and treatment, including, without limitation,

scar revision surgery and further chiropractic, rehabilitative, medical and other future care for his

injuries.

17.    The limitations on liability set forth in §§ 1601-1603 of the New York Civil

Practice Law and Rules do not apply as to this case, as this case falls within the exception set

forth in § 1602 (6).


**SECOND COUNT (Eliesthel Colon v. Mark Schroder):**

7

1-13.   Paragraphs 1 – 13 from the First Count, above, are repeated and re-alleged as if fully set forth herein in this the Second Count.

14.   As a result of the negligence and carelessness of the defendant, the plaintiff, Eliesthel Colon, sustained serious, permanent and painful injuries, including, without limitation, the following: (1) two chipped and fractured front teeth: (2) facial trauma - right orbit and right cheek; (3) permanent numbness of the right cheek and right lower eyelid; (4) right hand avulsion injury; (5) left shoulder contusion and abrasion; (6) right elbow contusion; (7) cervical sprain/strain; (8) left shoulder sprain/strain; (9) thoracic lumbar sprain/strain; (10) numbness and tingling sensation in the left arm and fingers; (11) chest wall contusion; (12) headaches; (13) trauma to the right inferior orbital nerve; and (14) a 14% permanent impairment to the cervical spine.  The injuries and damages to the plaintiff, Eliesthel Colon, have resulted in significant disfigurement, permanent consequential loss of use and/or limitation of use of a member so as to constitute a "serious injury" as defined in § 5102(d) of the New York State Insurance Law.

15.   As a further result of the negligence and carelessness of the defendant, the plaintiff, Eliesthel Colon, has suffered and will in the future continue to suffer, great physical and mental pain and anxiety.

16.   As a further result of the negligence and carelessness of the defendant, the plaintiff, Eliesthel Colon, was forced to expend substantial sums of money for the medical, rehabilitative and chiropractic care, services and treatment, drugs, medications and devices

8

necessitated by his injuries. In addition, as a result of the negligence and carelessness of the defendant, the plaintiff, Eliesthel Colon, will require further additional medical treatment and will incur further additional medical costs for her care and treatment, including, without limitation, further chiropractic, rehabilitative, medical and other future care for her injuries.

17.    The limitations on liability set forth in §§ 1601-1603 of the New York Civil Practice Law and Rules do not apply as to this case, as this case falls within the exception set forth in § 1602 (6).

## THIRD COUNT (Christopher Blue v. Bruce Bertrand):

1-10.    Paragraphs 1 – 10, above are repeated and re-alleged as if fully set forth herein in this the Third Count.

11.    As the defendant, Mark Schroder, continued to move his vehicle to the right, the defendant, Bruce Bertrand, slammed his vehicle into the rear of the defendant, Mark Schroder's, vehicle.

12.    The aforementioned motor vehicle collision was caused by the negligence and carelessness of the defendant, Bruce Bertrand, in one or more the following ways in that he:

(a)    failed to observe the traffic conditions and the vehicles ahead of him on the highway as he drove in a westerly direction on the highway;

(b)    failed conduct an adequate and proper look ahead of him out as he drove in a westerly direction on the highway drove on the highway;

9

(c)     failed to observe the traffic conditions and vehicles ahead of him as he drove in a

        westerly direction on the highway;

(d)     drove his vehicle at a speed that was unreasonably fast given the traffic and

        conditions then and there existing;

(e)     failed to maintain adequate and proper control of his vehicle;

(f)     failed to notice the vehicle driven by the defendant, Mark Schroder, ahead of him

        as he drove in a westerly direction on the highway;

(g)     failed to apply his brakes, turn his vehicle or otherwise take adequate and prudent

        measures to avoid the collision with the vehicle driven by the defendant, Mark

        Schroder;

(h)     operated his vehicle with ineffectual brakes;

(I)     failed under all of the circumstances then and there existing to take reasonable and

        proper precautions to avoid the probability of harm to the plaintiffs.

(j)     drove his vehicle into the rear-end of the vehicle driven by the defendant, Mark

        Schroder;

(k)     followed the vehicle driven, by the defendant, Mark Schroder, more closely than

        was safe and prudent to do so under the circumstances then and there existing;

(l)     changed lanes on the highway without first ascertaining that it was safe to do so;

        and

10

(m)    failed to safely overtake the vehicle driven by Mark Schroder on the left side of

the Schroder vehicle.

13.    The aforementioned motor vehicle collision was caused by the negligence and

carelessness of the defendant, Mark Schroder, in that he violated one or more of the New York

State Vehicle and Traffic Laws, including, without limitation, one or more of the following:

§§ **1120** (vehicle to be driven as nearly as practicable in one lane and shall not be moved from lane

until driver has first ascertained that such movement can be made with safety; **1122** (overtaking

vehicle to pass overtaken vehicle on the left); **1123** (overtaking on the right prohibited except

under certain circumstances); **1129** (following too closely); **1146** (driver to exercise due care);

**1180(a)** (driving at a speed greater than what is reasonable and prudent under the circumstances

having regard to the actual and potential hazards then existing); and **1180(d)** (driving at a speed

greater than the posted or established speed limit).

14-17.    Paragraphs 14 – 17 from the First Count, above, are repeated and re-alleged as if

fully set forth herein as Paragraphs 14 – 17 of this the Third Count.

**FOURTH COUNT (Eliesthel Colon v. Bruce Bertrand):**

1-13.    Paragraphs 1 – 13 from the Third Count, above, are repeated and re-alleged as if

fully set forth herein in this the Fourth Count.


14-17.    Paragraphs 14 – 17 from the Second Count, above, are repeated and re-alleged as

11

if fully set forth herein as Paragraphs 14 – 17 of this the Fourth Count.

**WHEREFORE,** the Plaintiffs, Christopher Blue and Eliesthel Colon, demand:

1.      Fair, just and reasonable monetary damages, including, without limitation, compensatory damages for pain and suffering;

2.      General damages, consequential damages, and incidental damages;

3.      Costs and fees allowable by law associated with their action; and

4.      Any and all such other and further relief which they may be entitled to and/or which are deemed by the Court to be equitable and just.

## DEMAND FOR TRIAL BY JURY

Please take notice that the Plaintiffs, Christopher Blue and Eliesthel Colon, hereby demand a trial by jury.

THE PLAINTIFFS,
CHRISTOPHER BLUE AND
ELIESTHEL COLON

BY:     _____
Richard P, Renehan, Esq..
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
Tel. No. 203-596-9030
Federal Bar No.: ct20182
E-MAIL ADDRESS: rrenehan@tnrdlaw.com

12