UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CHRISTOPHER BLUE and ELIESTHEL COLON,                  Index No.:  10 cv 07253

          *Plaintiffs,*

          *-against-*                                        **DEFENDANT
MARK SCHRODER'S,
DEMAND FOR THE FIRST SET**
MARK SCHRODER and BRUCE BERTRAND,                      **OF INTERROGATORIES**

          *Defendants.*
---------------------------------------------------------------------------X
S I R S:

      PLEASE TAKE NOTICE THAT, pursuant to Rule 33 of the Federal Rules of Civil Procedures and Local Rule 33.3 of this Court, the plaintiffs are hereby required to answer under oath within thirty (30) days, the following interrogatories:

## INSTRUCTIONS AND DEFINITIONS

**A. In answering these interrogatories, plaintiffs must furnish all requested information, not subject to a valid objection, that is know by possessed by, or available to plaintiffs or any of plaintiffs' attorneys, consultants, representatives, agents, and all others acting on behalf of plaintiffs.**

**B. If plaintiffs are unable to answer fully any of these interrogatories, plaintiffs must answer them to the fullest extent possible, specifying the reason(s) for plaintiffs' inability to answer the remainder and stating whatever information, knowledge or belief plaintiffs have concerning the unanswerable portion. An evasive or incomplete answer may be deemed to be a failure to answer, and may render plaintiffs and plaintiffs' attorneys both liable for the expenses of a motion to compel a responsible or complete answer, including reasonable attorneys' fees.**

**C. Each sub-part of a numbered interrogatory is to be considered a separate interrogatory for the purpose of answer and objection. Plaintiffs must answer separately to each sub-part, and if plaintiffs object to less than all of the sub-parts of a numbered interrogatory, then plaintiffs must**

answer the remaining sub-parts. In addition, if plaintiffs object to an interrogatory or a sub-part thereof as calling for information that is beyond the scope of discovery, plaintiffs must, nevertheless, answer the interrogatory or sub-part thereof to the extent that it is not objectionable.

D.   All of the following interrogatories call for continuous answers and, as such, require supplemental answers by plaintiffs in the event that, prior to the final disposition of this action, additional and relevant information comes to the attention of, or becomes available to plaintiffs, plaintiffs' attorneys, consultants, representatives, agents or any person acting on behalf of Plaintiffs. Without being requested by defendant, plaintiffs must promptly amend any answer when it is discovered to have been incorrect when made, or it is discovered to be no longer true and circumstances are such that a failure to amend is in substance a knowing concealment.

E.   For each interrogatory and sub-part of each interrogatory, if the information furnished in your answer is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known. The "incident" shall refer to the accident set forth in the Complaint.

F.   Defendant incorporates by reference Rule 26.3 (Uniform Definitions in Discovery Requests) of the Civil Rules for the Southern and Eastern Districts of New York.

## <u>INTERROGATORIES</u>

1.   State the exact date and time of day of the alleged accident/occurrence.

2.   State the exact location of the accident and a description of the location of the accident in sufficient detail to permit ready identification and location, giving distances and directions from roadways, intersections, traffic signals and other objects or landmarks in close proximity.

3.   State the manner in which the plaintiff(s) claim, or will claim, the accident occurred.

4.   A statement of the acts or omissions of the answering defendant(s) constituting the negligence claimed.  If multiple defendants, state **separately,** the acts or omissions constituting the negligence of each defendant.

5.    The direction in which each vehicle was proceeding at the time of the accident and the point of impact on each vehicle.

6.    A description of each vehicle involved in the accident stating the registration number, manufacturer, model, year and type.

7.    State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular provisions thereof, if any, which are claimed to have been violated by the answering defendant(s).

8.    State the full name, date and place of birth, social security number, residence and marital status of each plaintiff at the time of the alleged accident.

9.    State the address of each plaintiff(s) at the present time, if different from above.

10.    Describe in detail the injuries sustained by plaintiff(s) as a result of this occurrence indicating the exact location, nature, extent, and duration of each injury and their sequelae.

11.    Specifically indicate which injuries are claimed to be permanent.

12.    State the length of time, if any, it is claimed plaintiff(s) were confined to: (a) hospital (with dates of admission and discharge); (b) bed; (c) to home following the accident; and (d) give the dates of confinement.

13.    State the length of time under medical care.

14.    State the length of time, giving specific dates, plaintiff(s) claim they were: (a) totally disabled; (b) partially disabled; and (c) unable to pursue their normal occupation.

15.    State the plaintiff(s) occupations and the name and address of his/her employer:  (a) at the time of the accident; (b) at the present time; and (c) if self employed or engaged in some other pursuit, so state, indicating the name and address under which plaintiff(s) are/were doing business, any financial loss alleged, and how computed.

16.    State the length of time, giving specific dates, plaintiff(s) were incapacitated from employment, school attendance, and/or from attending their usual duties and vocation; the amount of earnings or wages claimed to have been lost including method of calculation, and the base rate of pay, either hourly, weekly, monthly, etc., received by plaintiff(s) at the time of the occurrence.

17.    Total amounts, if any, claimed as special damages by reasons of (a) physician's services, giving names and specific addresses of all physicians and the specific dates of service; (b) hospital expenses; (c) medical supplies, drugs and medicines; (d) nurse's services;  (e) physical therapy, giving names and specific addresses of all providers and the specific dates of service; (f) each other item of special damage, setting forth, as to each supplier or health service, the name and address and dates of service..

18.    State the name and address of each doctor, hospital, clinic, chiropractor, dentist, podiatrist, physical therapist or other health care provider who provided or is providing treatment or other health care

services for plaintiff's injuries.

19.    If it is claimed that future monies will have to be expended for medical supplies, dental, medical, and/or psychological treatment, state the nature of same and the estimated cost.

20.    State the basis for the claim that the plaintiff's injuries qualify as "serious" under the provisions of Insurance Law § 5102(d) as alleged in the complaint.

21.    If loss of services is claimed: (a) state the nature of services claimed to be lost; (b) specify the length of time of such loss; (c) specify the dates of such loss; and (d) specify the amount claimed as damages for loss of services.

22.    Identify each person who was present at the scene of the occurrence immediately before, at the time of and immediately after said occurrence.

23.    State whether the plaintiff(s) are aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint.  In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiff(s) are in the possession of a statement of any such witness, and if so, identify from which witness the plaintiff(s) have statements and the dates of each such statement.

24.    Set forth an itemized list of any and all items of property damage, which will be alleged by plaintiff(s) including copies of any bills or estimates.

Dated:    Elmsford, NY
          October 25, 2010


                                        Yours, etc.,
                                        GAMBESKI & FRUM

                                        By:_____
                                           Malcolm Stewart (MS-1112)
                                           *Attorneys for Defendant*
                                           *MARK SCHRODER*
                                           565 Taxter Road - Suite 150
                                           Elmsford, NY 10523
                                           914-347-5522
                                           Our File No.: N-05317

To:  TIMLEY, NASIRI, RENEHAN & DOST, LLP
     *Attorneys for Plaintiffs*
     60 North Main Street, 2nd Floor
     Waterbury, CT 06702
     203-596-9030

BRUCE BERTRAND
*Defendant*
1614 Highland Avenue
Waterbury, CT 06708

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER BLUE and ELIESTHEL COLON,        Index No.:  10 cv 07253

        *Plaintiffs,*

                                        **RULE 34 REQUESTS**

    *-against-*

MARK SCHRODER and BRUCE BERTRAND,

        *Defendants.*
-------------------------------------------------------------------X

TO PLAINTIFFS:

    **PLEASE TAKE NOTICE**, that pursuant to the request for disclosure pursuant to Rule 34 of the Federal Rule of Civil Procedure and other applicable sections of the Federal Rule of Civil Procedure, GAMBESKI & FRUM, attorneys for the defendant,  MARK SCHRODER., demand that you respond to the following demands for disclosure attached hereto, within twenty (20) days, at GAMBESKI & FRUM, 565 Taxter Road, Suite 150, Elmsford, New York 10523 (914) 347-5522.

## DEMAND FOR STATEMENTS AND WITNESSES

    1.   Complete copies of all statements, recordings, abstracts of recordings, investigator's summaries of statements, writings, photographs, films/video tapes, taken by or on behalf of plaintiffs from or of this demanding party.

    2.   The MV-104s completed by plaintiff(s) in regard to the instant accident/occurrence.

    3.   A complete list of the names and addresses of all persons claimed or believed to have witnessed, or have knowledge of the following:

          a.   the accident or occurrence or to have first hand knowledge of the same or the facts and circumstances regarding the occurrence;

          b.   any other acts or omissions claimed to constitute the negligence of any party;

          c.   any acts or omissions pertaining to the damage suffered or incurred by any party as a result of the negligence of any other party;

          d.   any facts or circumstances alleged to have constituted actual or constructive notice to any party of the condition alleged to have caused the claimed injuries of damage;

          e.   the making of any statements or admissions of this demanding party bearing on the issues of negligence, contributory negligence, and culpable conduct of any party hereto;

      f.    the name and address of any person claiming actual notice to the defendant of any condition which allegedly caused the injury complained of;

      g.    if a claim of loss of services is made, set forth the names and addresses of any person hired to perform services in the place of each plaintiff.

4.  If no such statements exist and/or there are no such witnesses known, so state in reply to this demand.

## DEMAND FOR ACCIDENT REPORTS

Any written report relating to the accident which is the subject matter of this lawsuit, prepared in the regular course of business or practice of any person, firm, corporation, association, or other public or private entity.

## DEMAND FOR PHOTOGRAPHS

Original photographs, films, motion pictures and/or video tapes taken of the situs of the accident or occurrence, the parties, the instrumentalities and/or motor vehicles involved, or the physical condition of the plaintiff, taken by or in the possession of the plaintiff(s), his/her attorneys or insurance carrier and/or their agents, servants and employees and any such materials which the plaintiff(s) or their attorneys intend to utilize as an exhibit or evidence at the trial of this action.

## DEMAND FOR EXPERT INFORMATION

1. The name and address of each and every person you expect to call as an expert witness at the trial of this action;
2. The area of expertise of each expert witness;
3. The qualifications of each expert witness;
4. In reasonable detail, the subject matter on which each expert is expected to testify;
5. The substance of the facts and opinions on which each expert is expected to testify;
6. Any documents or photographs seen and considered by the expert in rendering the opinion;
7. Copies of photographs to be utilized by expert;
8. A summary of the grounds for each expert's opinion;
9. The substance of the opinion of each expert.

## MISCELLANEOUS

Copies of any and all agreements and/or contracts entered into or between the parties and any deposition transcripts already executed.

## DEMAND FOR WORKERS' COMPENSATION RECORDS

Original duly executed and acknowledged written authorizations permitting the undersigned to obtain a copies of all Workers Compensation records pertaining to the accident and injury alleged in the complaint

from **both** the Workers' Compensation carrier **and** the Workers' Compensation Board.

## DEMAND FOR COLLATERAL SOURCES

1.   A verified statement setting forth the amounts claimed by the plaintiff(s) for the cost of:
     a.   Medical care;
     b.   Dental care;
     c.   Custodial care;
     d.   Rehabilitation services;
     e.   Loss of earnings;
     f.   any other economic loss.

2.   Further, it is demanded that the plaintiff(s) list and identify in a verified statement each and every collateral source including, but not limited to, insurance, social security, Workers' Compensation, no-fault, and/or employee benefit programs, setting forth the names, addresses, and policy numbers of each provider of such collateral sources as well as the amounts paid and the dates paid.

3.   Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete files from each collateral source identified above.

## DEMAND FOR EMPLOYMENT RECORDS AND TAX RETURNS

1.   Written authorizations permitting the undersigned to obtain the plaintiff's employment records for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

2.   Written authorizations to obtain the plaintiffs wage statements for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

3.   Written authorizations to obtain the plaintiffs income tax returns for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

4.   Photocopy of each plaintiff's driver's license and other form of identification as required by IRS for processing of authorizations.

## DEMAND FOR MEDICAL REPORTS AND AUTHORIZATIONS

Pursuant to CPLR § 3121 et. seq., governing the exchange of medical information, you are required to forward to the undersigned attorneys for the defendant within twenty (20) days after service upon you of this demand, the following:

1.   The names and addresses of all physicians, technicians, therapists, nurse, aid, hospitals and other health care providers/facilities of every description, who have consulted, examined or treated the plaintiff for each of the conditions allegedly caused, activated, aggravated, or exacerbated by the occurrence described in the complaint, including dates of treatment or examination.

2.   Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, due to the occurrence set forth in the complaint.

3.   Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical record(s), bill(s) and reports, of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for the injuries alleged, including   all diagnostic and x-ray films and reports.

4.   Copies of all records and reports received from all health care providers/facilities   identified above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at trial, referring to those records, x-rays and technicians' reports which will be offered at the trial hereof.

## DEMAND FOR MEDICAL AUTHORIZATIOS FOR PRE-EXISTING INJURY

1.   Copies of all medical reports by physicians who treated, examined or saw the plaintiff(s) for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

2.   Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical record(s), bill(s), reports and x-rays of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

3.   Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

4.   Copies of all records and reports received from all health care providers/facilities   identified above for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

## DEMAND FOR APPEARANCES

Demand is hereby made that you serve upon the undersigned attorneys a list of all names and addresses of all parties that have appeared in this action, together with the names and addresses of their respective attorneys as provided for by CPLR § 2103(e).

PLEASE TAKE NOTICE, that the foregoing are continuing demands; and if any of the above items

are obtained or discovered after the date of this demand, they are to be immediately furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE, that if these demands are not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

Dated:    Elmsford, NY
          October 25, 2010

Yours, etc.,
GAMBESKI & FRUM

By: _____
    Malcolm Stewart (MS-1112)
    *Attorneys for Defendant*
    *MARK SCHRODER*
    565 Taxter Road - Suite 150
    Elmsford, NY 10523
    914-347-5522
    Our File No.: N-05317

To: TIMLEY, NASIRI, RENEHAN & DOST, LLP
    *Attorneys for Plaintiffs*
    60 North Main Street, 2nd Floor
    Waterbury, CT 06702
    203-596-9030

    BRUCE BERTRAND
    *Defendant*
    1614 Highland Avenue
    Waterbury, CT 06708

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHRISTOPHER BLUE and ELIESTHEL COLON,                Index No.:  10 cv 07253

                            Plaintiffs,
                                                      **NOTICE FOR EXAMINATION**
            -against-                                 **BEFORE TRIAL**

MARK SCHRODER and BRUCE BERTRAND,

                            Defendants.
-------------------------------------------------------------------------X

S I R S:

    PLEASE TAKE NOTICE, that pursuant to the Federal Rule of the Civil Procedure, the undersigned

attorneys for the defendant, MARK SCHRODER, will take the deposition of the following parties or

persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and

material issues raised by the pleadings in the above entitled actions, as authorized by Article 31 of the

CPLR:


PERSON TO
BE EXAMINED :    **ALL PARTIES**

DATE          :    March 3, 2011

TIME          :    10:00 AM

PLACE         :    GAMBESKI & FRUM, 565 Taxter Road,
                   Suite 150, Elmsford, New York 10523.


        PLEASE TAKE FURTHER NOTICE, that the persons to be examined are required to produce all

books, records and papers in their custody and possession that may be relevant to the issues herein.


Dated:   Elmsford, NY
         October 25, 2010

Yours, etc.,
GAMBESKI & FRUM

By

Malcolm Stewart (MS-1112)
*Attorneys for Defendant*
*MARK SCHRODER*
565 Taxter Road - Suite 150
Elmsford, NY 10523
914-347-5522
Our File No.: N-05317

To: TIMLEY, NASIRI, RENEHAN & DOST, LLP
*Attorneys for Plaintiffs*
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030

BRUCE BERTRAND
*Defendant*
1614 Highland Avenue
Waterbury, CT 06708

## ATTORNEY'S VERIFICATION

Malcolm Stewart Esq., an attorney duly admitted to practice in the courts of New York State, hereby affirms under penalty of perjury and pursuant to CPLR § 2106 as follows:

Affirmant is associated with the GAMBESKI & FRUM, the attorneys of record for the defendant, MARK SCHRODER, in the within action and as such is fully familiar with the facts and circumstances heretofore had herein by virtue of the file maintained by this office.

Affirmant has read the foregoing **VERIFIED ANSWER** and the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

This verification is made by an attorney because the defendant, MARK SCHRODER, is not in the same County where your affirmant's office is located.


Dated:  Elmsford, NY
       October 25, 2010

Malcolm Stewart, Esq. (MS-1112)

## ___ATTORNEY AFFIRMATION OF SERVICE___

STATE OF NEW YORK          )
                               ) ss.:
COUNTY OF WESTCHESTER )

**Malcolm Stewart, Esq.** an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

On October 25, 2010, I served a true copy of the annexed:

**ANSWER, DEFENDANT'S FIRST DEMAND FOR A SET OF INTERROGATIES, RULE 34 REQEUSTS and NOTICE FOR EXAMINATION BEFORE TRIAL**

in the following manner: By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

To: TIMLEY, NASIRI, RENEHAN & DOST, LLP
    *Attorneys for Plaintiffs*
    60 North Main Street, 2nd Floor
    Waterbury, CT 06702
    203-596-9030

    BRUCE BERTRAND
    *Defendant*
    1614 Highland Avenue
    Waterbury, CT 06708

                                                   **Malcolm Stewart, Esq.**

*Index Number*:  **10 cv 07253**  *Year*:  **2010**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER BLUE and ELIESTHEL COLON,

        *Plaintiffs,*

    *-against-*

MARK SCHRODER and BRUCE BERTRAND,

        *Defendants.*

**ANSWER, DEFENDANT'S DEMAND FOR A FIRST SET OF INTERROGATIES, RULE 34
REQUESTS and NOTICE FOR EXAMINATION BEFORE TRIAL**

# GAMBESKI & FRUM
***Attorneys for Defendant, Mark Schroder***
565 TAXTER ROAD, SUITE 150
ELMSFORD, NEW YORK 10523
(914) 347-5522

*To:* TIMLEY, NASIRI, RENEHAN & DOST, LLP
    *Attorneys for Plaintiffs*
    60 North Main Street, 2nd Floor
    Waterbury, CT 06702
    203-596-9030

    BRUCE BERTRAND
    *Defendant*
    1614 Highland Avenue
    Waterbury, CT 06708